Case number 13-7104. Melissa Standley, Appellant versus Karen Edmonds-Leach, Officer, District of Columbia Library Police Department and District of Columbia Municipal Corporation. Ms. Johnston for the Appellant. Good morning. Can I reserve three minutes for rebuttal? Yes. Good morning, Your Honors. May I please record a need for Johnston counsel for Plaintiff-slash-Appellant Melissa Standley. The issue presented in this appeal arises from a case where my client was charged with unlawful entry, disorderly conduct, assaulting a police officer, among others. And after a prosecutor viewed the videotape, all the criminal charges were dismissed against my client, and therefore, under Rule 50, our claim for malicious prosecution was dismissed. The issue that's on appeal today is whether defendants were properly permitted to call a witness in which they failed to disclose during discovery and were precluded from putting the witness on during their case in chief. The trial court permitted circumvention of that rule by allowing the defense to call the witness during his case in chief by holding that the witness was offered for impeachment purposes. I would note that upon reviewing defendant's motion, well, first, the first time that plaintiff counsel knew that defendant intended to call, Mr. Keller was doing a pretrial statement where plaintiff not only objected but also filed a motion to preclude the witness. Defense counsel conceded that they didn't provide defendant as a proper witness in discovery, and they withdrew the motion by notice, which was on A126 of our appendix. And then shortly before trial, again, probably five or six days before trial, they filed another motion to reinstate Wendell Keller, saying that plaintiff did not expressly say that Wendell Keller was one of the witnesses that was excluded. So the issue before us, it seems to me, is whether the district court applied the correct standard when she ruled that Mr. Keller could properly testify as an impeachment witness and the Rule 26 requirements did not apply. Yes, Your Honor. And what's your argument on that? Well, my argument is, is that for impeachment purposes, first, in defendant's motion to reinstate Wendell Keller as a witness, he never requested that he be listed as impeachment, as impeachment witness. In fact, on page 8 of the… Well, but the rule allows an exception. I understand. The defendant never requested an exception. It was the judge who initiated it once defendant conceded that the witness was not appropriate. And in its brief, they argued that it's an essential witness, which is not an impeachment witness. It clearly said Mr. Keller's testimony will corroborate Officer Edmunds Leach's testimony that plaintiff was disorderly. So are you suggesting that when the district court denied the preliminary motion as moot, that the defendant had conceded… Yes. …that Keller was a substantive witness? Yes. And defendant actually stated that it was a substantive witness in his motion to reinstate Wendell Keller as a witness, which is started on A131. So that's what our argument is, is how can they state that it's a substantive witness and it's… Well, it's not inconceivable that at that point they had wanted to use Mr. Keller as a substantive witness. And having not complied with the rule, later said to the district court, well, we want to use Mr. Keller as an impeachment witness, and could have limited his testimony accordingly. And my problem is that, one, defendants never requested him as impeachment witness, but… But I think our reading of Rule 26, is it A1, is that any witness who has not been identified previously will be excluded, you know, to be fair to you in terms of notice to the opposing party, except if that witness is to be used for impeachment, so that it basically excuses you from pre-identifying impeachment witnesses. So they wouldn't have had to necessarily identify that this was someone they were reserving for that purpose. And so the difficulty, just sort of to step back a little more broadly, I think the difficulty is, and, you know, you've identified this, that this is a witness who, in a way, is both someone who substantively advances the defense's case, their defenses, their version of the facts, and also is someone who is able to contradict, you know, an observer who's able to contradict some of the things that your client testified to. So the former seems to make him a substantive witness, and the latter seems to make him an impeachment witness. And I think from my perspective as a Court of Appeals judge, the question is, which way to rule that doesn't make an exception swallow the general rule? So there is a risk, if we read the for impeachment exception of Rule 26A, to allow this kind of substantive witness to come in for impeachment purposes that we're really allowing them to have a big exception to failure to list. The risk on the other side is if we don't, we've taken, you know, taken away what is a pretty standard form of impeachment, which is someone who has something substantively to say that contradicts, you know, impeachment by contradiction, that contradicts what the witness that you've accounted said. So the difficulty for us is, I think, in finding a principle to support that. I think, if I can interrupt, I think that the issue that you're saying is that by it being both, that shows that it should be excluded because it says solely for impeachment. And by the mere fact that we specifically requested this in discovery, any witnesses who have knowledge of the facts, and it wasn't revealed that they shouldn't be allowed to then say it's only for impeachment purposes, but it's not solely for impeachment purposes by their own admission that it's a corroborating witness. And that's what they proffer before the court. In no manner or argument before the court did they make arguments about how it was impeachment. Or as far as in your argument, how it was solely for impeachment. It seemed to be in a dual purpose. So if we were to accept the argument that you just made, you also have another hurdle, which is to the extent that the trial court erred, did the error make a difference? Yes. How can we really say that this error prejudiced your client? I think that they have the burden to prove that it didn't make a difference. I mean, obviously, Plata was clearly prejudiced. She didn't have time to pose the witness. Let's talk about what Keller actually testified to. He testified to whether there were spaces in the adult section, which, you know, we have the videotape evidence, which I'm sure the jury paid more attention to that. And in a way, it's neither here nor there once your client had been asked by an officer of the law to leave. So it really comes down to the voices, how loud they were. Is it your view that the outcome of your client's case could have been affected by that aspect of Keller's testimony? Yes, of course. Develop that a little bit. I would say that, one, it affects our whole theory of the case. Before, we had just word against word, one party against the other party, and then we had the video testimony. And as they argue, it's hard to argue that this is such an essential witness and then say it has no effect on the plaintiff's case. So I think that that's a contradiction right there. That was part of their theory, that she was cursing, and that's part of their case in chief, which corroborates the officer's testimony. So that's why I would say they argued it in their closing. They argued it in their opening. It was essential to their case, and I think that they would have the burden to prove that it wasn't a harmless error. We didn't have a chance to possibly look for other witnesses at the library and see if there was anyone who could corroborate my client's version of the story. Before, Officer Keller was allowed to testify. It was just my client's word against the officer's word, and then the video. They now bring a corroborating witness, which they admitted that it's an essential, important corroborating witness, and it was done at the last minute. Not even a week before trial did they then do a motion to reinstate. I think that allowing it would change the rules. It would allow every person who's not forthcoming in their testimony or in their discovery to say that, oh, it's for impeachment purposes. So I think that it would just change the whole rule, and it's fundamentally unfair to my client to have a witness that's supposedly an essential witness introduced a week before, or less than a week before trial, when they acknowledged that it was a hard effort for the court to even grant their relief. And that's what the district stated that I noted as an obstacle for the request that I'm asking, and never mentioned that it was for impeachment purposes in his argument. And it was only that after I argued that clearly this is not a rebuttal impeachment witness. This is a witness, a corroborating witness, as they stated in their argument and in their motion. And the judge said, okay, I'll grant your motion to exclude it from the case in chief, and then I'll offer it for impeachment. But that wasn't even their argument, because their purpose was that he was an essential witness used to corroborate their evidence. This is a case where the standard of review could matter, and I noticed in the briefs there's a disagreement about that. The government says that the standard of review is abuse of discretion, which would seem to imply that in applying the standard to a particular set of facts, different district judges could have come out of your way, but this one did not. But why is it across the high threshold of abuse of discretion to rule this way? Because it prejudiced Plaintiff. Because Plaintiff, who's prepared a case, who actually filed a witness list, which clearly identified all the witnesses she intended to use, who was forthcoming in discovery to less than a week before trial to introduce a new essential witness and change the whole theory, that's clearly prejudicial, and I think that that's an abuse of discretion, because I believe that if Plaintiff had... Those are two separate issues, obviously, whether the ruling was wrong and whether it was prejudicial, and I think you make good points about the prejudice, if there was an error. But on the question whether there was an error, I think this rule's pretty tough, as Judge Pillard said, pretty tough to apply, to figure out the line, and if we were doing that de novo, that would be one thing. But it seems that the law has settled that applying this rule and other evidence rules to a particular set of facts is reviewed deferentially on appeal, and that's a hurdle, it seems to me. Okay. I believe it is clearly abuse of discretion to allow evidence in. Are you also arguing that it's legal error? Yes. You're arguing that that's not the standard of review, but that even if it were, that you need it? Yes. And you also, what about the fact that the district court misstated what the rule required? Yes. So that's an error of law. I argue that also. And that does qualify as abuse. That's an abuse of discretion. Right. Legal errors by the district court would qualify. Let me ask you, Ms. Johnson, I was a bit surprised that you hadn't made the argument in terms of Rule 26B, because Rule 26B would apply in a situation like this in which there was no, you know, the interrogatory request that the witnesses be identified and the defense failed to identify the witnesses, and there's no exception in that rule for impeachment, and the sanction under Rule 37C1 is self-executing. So it would seem that you have a more categorical ground there, and I wonder if you raised that at all? I did. That was in my first motion, which I attached the motion to preclude the witness, the first motion that I filed, which is on page A110. I actually attached the discovery and raised the motion that they did not include that witness when expressly asked. And even though during the argument in court, I didn't use that motion, I mean, that particular Rule 26B, I didn't state the rule. But in application, I told the judge that it was not. They didn't list it in discovery, that they later said that they mentioned it in a deposition, but his name being mentioned in the deposition as just staff who was at the library, his name and Mr. Burrell's name was just mentioned as staff. But when asked did they have knowledge at the deposition, she did not know. So, you know, to depose everyone who's a library staff would not make sense if when asked if this is a substantive witness you intend to use, they're not listening, they just said plaintiff and defendant. It did not make sense for us to depose all of those witnesses when it wasn't revealed, especially with a plaintiff who has limited resources. All right. Why don't we hear from the government? Thank you. Good morning. Good morning. And if it pleases the Court, I'm Mary Wilson, representing the individual officer in the District of Columbia. The District Court properly exercised its discretion to admit the evidence to be used as impeachment evidence here, and to the extent there was any error, the error is harmless. Rule 26A, as the Court has pointed out, does not require the pretrial disclosure of information if its use would be solely for impeachment. Do you agree that the District Court misstated the rule? When she said this is an impeachment witness, it's not solely for corroboration? Well, what the Court did here is it exercised its discretion based on the totality of the circumstances. It made a decision pretrial not to admit the evidence. But to follow up on Judge Rogers' question, the solely was in the wrong place. So she misunderstood. At least what's in the transcript said she misunderstood what the rule required. One, I don't think plaintiff has focused on that. Two, I think it's clear from the substance of her ruling throughout the transcript. She imposed a discovery sanction before trial. The defendants did not formally disclose this witness. Then she waited until the evidence came in and realized there was a credibility issue that this witness could directly address with classic impeachment by contradiction evidence. What was the discovery sanction before trial? She denied the motion as moot. No, but then the District filed another motion. First she filed the first motion as moot. Then the District, before trial, moved to reinstate Keller as a witness. Plaintiff opposed that. And then on the first day of trial, she denied that and said, well, but we'll reserve on the issue of impeachment until we see the evidence, until we see if that witness could be used for impeachment as the rule allows. So in a situation here where the evidence might have been used as rebuttal evidence, she watched how the trial evolved. She watched how it was used. And the court has to defer here to the trial court, a fast-moving trial, allow the trial court flexibility to decide how evidence like this is used. So if you were writing the opinion, how would you write this? I mean, is it just even though the District Court mistakes the rule, she monitored the case carefully, we defer to reasonable exercises of discretion? Yes. In a situation like this where there's an overlap between what might have been rebuttal evidence or what is used solely for impeachment evidence, in that overlap that you have to give discretion to the trial court to decide how and when to admit the evidence. So appellant argues the Fifth Circuit case that several District Court judges here have relied on and that the Second Circuit has relied on. That case sets up some standards. Well, there – I mean, you distinguish the case on the facts, but I'm just talking about the discussion of the standards where you're talking about impeachment by contradiction. Well, I think when deciding if the evidence will be used solely for impeachment, it is a case-specific analysis. You have to look at the evidence, you have to look at the plaintiff's testimony that is going to be impeached by contradiction. And in the totality of the circumstances, allow the District Court to make that discretion. Here, I mean, if you look at facts here that were not in the Fifth Circuit case, first, the plaintiff knew of the witness' retrial because the officer identified him in her deposition. She asked – plaintiff's counsel asked to depose him, but didn't follow up on it. So the purpose of Rule 26 was that. But that actually cuts the other way. She was well aware of this witness, and she rested on the assurance that you were not going to call this witness, and she moved in limine. But I don't think that assurance came until later. During discovery, she asked to depose him. We said we will make him available. She never followed up on that. Then subsequently, we listed him in the pretrial statement, and then subsequently to that, when she filed the motion to eliminate, he said, no, we're not going to call him. When you responded to interrogatories and said, what witnesses do you rely on, and isn't that the – that's the operative under Rule 26b. If you don't identify a witness, you're not going to be able to bring that witness in there. So she had every right to rely on that now. And the court honored that. The court forbid him from calling him as a rebuttal witness. Go ahead. The court imposed a discovery sanction because the district did not. So as I read Rule 26b together with Rule 37, there's no exception for the use of someone who was not identified in the course of affirmative discovery to be able, nonetheless, to use that person as a witness for impeachment. And I guess I was curious what your response is to that. Because in her motion to eliminate, she does refer to Rule 26a, Rule 26e. Rule 26e incorporates Rule 26b. She refers to the Rule 37 sanction. So this question about why are we even in the land of the solely for impeachment exception, it doesn't seem to apply in this circumstance. Well, again, Plainham has not developed that issue on appeal. She – right. She didn't develop it on appeal. It's not in the brief. It's not in her brief on appeal. So the court need not address it. Did the district court rule on 26b? Is that the – Yes, I believe because the district – Only implicitly. Well, the defense lawyer said we are using this witness for impeachment and solely for impeachment, and therefore it came under 26a1. And also – And that's what the district court was ruling on, 26a1. That's my point. Yes. All right. Also, in one of her filings below, Plainham addressed the 1993 Advisory Committee note to Rule 26, which says the purpose of the rule was to eliminate the paperwork of having to submit routine discovery requests for witnesses' names and have a faster, less burdensome discovery method and allow parties to decide if depositions are needed. That was met here because the defendant said to her, oh, yes, Mr. Keller is a witness. He observed things. Then the judge imposed a discovery. Our pretrial statement says we wanted to use Mr. Keller for his observations of the incident and about rules and regulations of the library. We had a broader purpose for him than we were ultimately allowed to use him for. We limited what we wanted to use him for to solely impeachment at the end. So we would submit there was no abuse of discretion in admitting his testimony. If the court did have to reach harmlessness, which we submit the court doesn't, again, we would argue that Plainham failed to develop any theory of harm in her brief, so the court should consider it. But even your brief acknowledges if it's obvious, you don't have to argue in your brief. Yes. But this is not that kind of case. He said, she said, the video is non-dispositive. Seems obvious. Well, our counsel's closing argument talked about the plaintiff's credibility for 10 pages. One paragraph or two short paragraphs of that was about Mr. Keller. There were many reasons to question her credibility apart from Mr. Keller. So I think the court can say with fair assurance this did not tip the balance. I thought your basic argument was that the plaintiff admitted that she had been told to leave. Yes. And she didn't leave immediately. And that it was reasonable for the officer to conclude that she intended to stay, not leave. And that, therefore, the officer had probable cause to arrest the plaintiff for unlawful entry. Yes, absolutely. As laid out in our brief, we have a strong case of non-lawful entry. And to the extent Mr. Keller's testimony went to the noise and the disorderly, we had a strong case of non-lawful entry that the court can affirm on that ground. And the plaintiff never asked for a jury instruction, a verdict form, excuse me, that would have asked the jury to break down instruction. And so let me just be clear, under D.C. law, that if an officer has probable cause to arrest, that eviscerates any claim, a false arrest, false imprisonment, excessive force? No. Yeah. Excessive force is separate. Right. But Mr. Keller's testimony doesn't go to the force used to effectuate the arrest at all. I mean, he didn't see it. His testimony is irrelevant to excessive force. His testimony is that he heard a woman screaming loudly, screaming profanities loudly, and he knew it wasn't the defendant's voice. Isn't that correct? Yes. On Keller, in the closing, I'm sorry. Go ahead. Yeah. In the closing, defense counsel said about Keller, described what he had testified to and say, and why is that important? It's important because plaintiff told you I was mumbling under my breath. It's not credible and it's not believable. So the word used by your counsel was important, which presumably that was accurate. It's important to the case. So if there's an error, it's a little hard to look at the closing, which I think is critical, where you say it's important and then say it doesn't make a difference. In Huffman, the trial court itself said it was extremely important evidence, and this court found harmless error. So I think the characterization below doesn't necessarily control. I agree with that. I think you pointed out it was only two paragraphs, but it's an important two paragraphs. Well, I mean, if you look at all the other reasons to undermine her credibility, first the videotape. You see the officer point to the exit. Plaintiff walks past the exit and, you know, continues on into the adult section. You've got the unlawful entry right there. And the closing goes on to talk about how she baited the officer to ask her age, knowing she didn't have any ID, that she was mumbling under her breath. Walking past the officer wasn't credible. The officer heard her, that she was angry. And also, plaintiff impeached the officer to a certain extent. Plaintiff effectively impeached the officer across. The video showed people were not turning their heads as the plaintiff first walked up. The officer contradicted herself, and when she told the plaintiff she was under arrest, she contradicted herself from her deposition on whether she grabbed the plaintiff's arm to escort her out or arrest her. She contradicted herself on whether they exchanged words in the children's section, or plaintiff just, you know, quietly left there. And the officer testified differently to how much profanity, point of view, she had in her arrest report. So Mr. Keller's testimony is not dispositive here. All right. Thank you. Could it not be, do we have anything that pins it to the timing in terms of what she's, Keller testifying as to the shouting of the plaintiff after the officer threw the plaintiff physically? The only thing I think that goes to that besides what you can infer from the video is Mr. Keller, first he says, the first thing I heard was get off of me. And then he backtracks and says, well, that may not have been the first thing I heard. So the jury may have thought that what Mr. Keller heard was the shouting during the arrest. So, again, I think his testimony was, this Court can say with fair assurance, was not dispositive. I dissented in Huffnance, but you're right that I have to eat that. But I relied on the very damaging line used by the trial judge there. Thank you. Thank you. I would urge the Court to affirm. All right, counsel, give you a couple of minutes. Yes. Just to address some of the arguments. Firstly, the evidence didn't show that the officer asked the plaintiff to leave right away. She asked her to move from that section, and my client was moving to another section. I think the thing that would be really helpful is to focus on the extent to which Mr. Keller's evidence, the admission of it, was harmful. Okay. Well, I think it's harmful because, as I already stated, that we had already prepared the case, and as counsel just stated, the judge allowed it to come in after plaintiff's testimony, which is after we learned it. What did it really give them, that testimony? Cooperation, which is very important. Cooperation. I mean, everybody knows the events occurred. Cooperation, which aspect? Cooperation that it painted plaintiff as a rowdy person, that she wasn't cooperating with the officer, that her testimony was not truthful. It's just cooperated. I think that the biggest thing Keller's testimony did was, as the defense stated in their motion, was it's a strong cooperating witness to make their facts more probable by cooperating with the officer. So I think that that was his sole purpose, not really on his credibility. I guess they said credibility based on the fact that they're saying that he cooperated with her. So I think his stronger purpose was as a cooperating witness just to support defendants, so it can be pretty much two against one. This is what she's saying. We have another person who's cooperating plaintiff, I mean, defendant's version. And I think that even though we didn't analyze it in the argument of the brief, it's clearly set out in the appendix, it was argued to the judge, and it's part of the record. And so it was abusive to the judge's discretion in knowing that they did. We asked specific questions in the interrogatories, and it was not. And they affirmatively stated that it was just plaintiff and defendant and then later brought this person in, and they never brought him in as an impeachment witness again. Even when the court initiated impeachment, it wasn't part of their argument that this is an impeachment witness. It was their strong argument that this is a cooperating witness. So once the judge stated that, then they said, okay, this is an impeachment witness. But clearly it wasn't solely for impeachment, and they can't prove a harmless error, because how can they argue that it's such an important witness, a substantial witness to their case? It cooperates this case and then said that it's harmless. Clearly it's prejudicial if you bring a substantial witness less than a week and decide to call him in your case in chief. And your brief argues a disinterested third party. Yes. Anything further? No, Your Honor. Thank you. Thank you. We'll take the case under advisement.
judges: Rogers, Kavanaugh, Pillard